IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 1:18-cv-02577-SKC

E.C.,

        Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

        Defendant.

---

OPINION & ORDER

---

    Plaintiff E.C.[1] filed her application for Supplemental Security Income (SSI) in September of 2015, initially alleging an onset date of September 2007, and later amending the onset to September 2015. [AR at 21.] Plaintiff alleges she became disabled due to fibromyalgia, heart issues, GERD/digestive issues, plantar fasciitis, osteoarthritis, obesity, anxiety, and depression. [Dkt. 1.] Her medical records document complaints of (among other things) chronic pain, difficulty sleeping, adverse side effects to medication, trouble speaking her non-native language (English), and difficulty performing everyday activities on a consistent basis.

    After her application was initially denied in December 2015, Plaintiff submitted a written request for a hearing. [AR at 21.] The request was granted, and

---

[1] This Opinion & Order identifies Plaintiff by initials only per D.C.COLO.LAPR 5.2.

1

Plaintiff appeared and testified at a hearing in July 2017. [*Id.* at 39-62.] In October 2017, Administrative Law Judge Jon L. Lawritson (ALJ), issued a decision in which he found Plaintiff was not disabled. [*Id.* at 15-34.]

In his decision, the ALJ followed the five-step process outlined in the Social Security regulations. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since September 16, 2015. [*Id.* at 23-24.] At step two, the ALJ found Plaintiff's fibromyalgia, status post-plantar fasciitis release, carpal tunnel syndrome, and obesity, to be "severe" impairments. [*Id.* at 24.] He found Plaintiff's anxiety and depression to be "not severe." [*Id.* at 24–25.] At step three, the ALJ found none of Plaintiff's impairments met or medically equaled a listing. [*Id.* at 26.] He then concluded Plaintiff had the residual functioning capacity (RFC) to perform the full range of light work as defined in 20 C.F.R. § 416.967(b), and he concluded there were jobs existing in significant numbers Plaintiff could perform. Accordingly, Plaintiff's application was denied. Following the decision, Plaintiff requested review by the Appeals Council, which denied her request, and in doing so, the decision of the ALJ became the final decision of the Commissioner of Social Security. 20 C.F.R. § 404.981; *Nelson v. Sullivan*, 992 F.2d 1118, 1119 (10th Cir. 1993) (citation omitted).

Plaintiff filed this action on October 9, 2018, pursuant to Title XVI of the Social Security Act, 42 U.S.C. § 1381-83(c), for review of the Commissioner of Social Security's final decision denying her application for SSI.[2] On appeal, Plaintiff makes

---

[2] The parties have consented to magistrate judge jurisdiction, and this Court has jurisdiction to review the final decision of the Commissioner. 42 U.S.C. § 405(g).

three arguments, one of which asserts the ALJ improperly weighed the medical opinion evidence of consulting physician Dr. John Mars. Having carefully considered the Complaint [Dkt. 1], Plaintiff's Opening Brief [Dkt. 16], Defendant's Response [Dkt. 17], Plaintiff's Reply [Dkt. 20], the Social Security Administrative Record (AR) [Dkt. 12], and the applicable law, the Court agrees and concludes this error warrants REMAND.[3]

## A.     SSI FRAMEWORK

A person is disabled within the meaning of the Social Security Act "only if [her] physical and/or mental impairments preclude [her] from performing both [her] previous work and any other 'substantial gainful work which exists in the national economy.'" *Wilson v. Astrue*, No. 10-CV-00675-REB, 2011 WL 97234, at *1 (D. Colo. Jan. 12, 2011) (citing 42 U.S.C. § 423(d)(2).) "The mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months." *Id.* "[F]inding that a claimant is able to engage in substantial gainful activity requires more than a simple determination that the claimant can find employment and that he can physically perform certain jobs; it also requires a determination that the claimant

---

[3] Considering this, the Court declines to address Plaintiff's second and third arguments because they may be impacted on remand. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

can hold whatever job he finds for a significant period of time." *Fritz v. Colvin*, 15-cv-00230-JLK, 2017 WL 219327, at *8 (D. Colo. Jan. 18, 2017) (emphasis original) (quoting *Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994)).

The Social Security Regulations outline a five-step process to determine whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform her past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made based on the claimant's age, education, work experience, and residual functional capacity.

*Wilson*, 2011 WL 9234, at *2 (citing 20 C.F.R. § 404.1520(b)–(f)); *see also* 20 C.F.R. § 416.920; *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988). Impairments that meet a "listing" under the Commissioner's regulations (20 C.F.R. § Pts. 404 and 416, Subpt. P, App. 1) and a duration requirement are deemed disabling at step three with no need to proceed further in the five-step analysis. 20 C.F.R. § 416.920(a)(4) ("If we can find that you are disabled or not disabled at a step, we make our determination

4

or decision and we do not go on to the next step."). Between the third and fourth steps, the ALJ must assess the claimant's residual functional capacity (RFC). *Id.* § 416.920(e). The claimant has the burden of proof in steps one through four. The Commissioner bears the burden of proof at step five. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

## B.   STANDARD OF REVIEW

In reviewing the Commissioner's final decision, the Court is limited to determining whether the decision adheres to applicable legal standards and is supported by substantial evidence in the record as a whole. *Berna v. Chater*, 101 F.3d 631, 632 (10th Cir. 1996) (citation omitted); *Angel v. Barnhart,* 329 F.3d 1208, 1209 (10th Cir. 2003). The Court may not reverse an ALJ simply because it may have reached a different result based on the record; the question instead is whether there is substantial evidence showing that the ALJ was justified in their decision. *See Ellison v. Sullivan,* 929 F.2d 534, 536 (10th Cir. 1990).

"Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Flaherty v. Astrue,* 515 F.3d 1067, 1070 (10th Cir. 2007) (internal citation omitted). Moreover, "[e]vidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan,* 966 F.2d 1371, 1374 (10th Cir. 1992) (internal citation omitted). The Court will not "reweigh the evidence or retry the case," but must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine

if the substantiality test has been met." *Flaherty,* 515 F.3d at 1070 (internal citation omitted). Nevertheless, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan,* 987 F.2d 1482, 1487 (10th Cir. 1993) (internal citation omitted).

## C.    ANALYSIS

When a claimant with severe medically determinable impairments is not found to be disabled at step three, the ALJ (at step four) must decide what the claimant's RFC is by identifying the intensity, persistence, and limiting effects of the claimant's symptoms. SSR 16-3p. If the ALJ cannot make a "fully favorable" decision on this inquiry based solely on available objective evidence, the ALJ must consider "other evidence," which includes: (1) the claimant's statements to medical or other sources about their symptoms; (2) opinions, statements, and/or diagnoses given by medical sources; (3) relevant statements from non-medical sources, like agency personnel; and (4) factors set forth in 20 C.F.R. § 404.1529(c)(3) (*i.e.*, daily activities, aggravating factors, history of medication use and its efficacy, other treatments pursued, or any other factors relevant to a claimant's functional limitations). SSR 16-3p.

Regarding the second factor above, an ALJ is required to consider all medical opinions in a claimant's record when determining the ultimate issue of disability. SSR 16-3p(c). In weighing medical opinions, the ALJ must apply pertinent factors from the following test found in SSR 16-3p:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported

by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003) (quotation omitted).

Although the ALJ is not required to explicitly address every factor, they must "give good reasons in [the] notice of determination or decision" for the weight they ultimately assign the opinion. *Id.* Notably, these "good reasons" are subject to the same substantial evidence standard required throughout the five-step disability determination process. *See Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). In *Clifton*, for example, the ALJ erred because he failed to discuss the evidence and reasons for his findings at step three, ultimately rendering his conclusion "beyond meaningful review." *Id.* In discussing the contours of the substantial evidence standard, the *Clifton* court observed:

> In the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion . . . and whether [they] applied the correct legal standards to arrive at that conclusion. . . . [I]n addition to discussing the evidence supporting [their] decision, the ALJ also must discuss the uncontroverted evidence [they] choose[] not to rely upon, as well as significantly probative evidence [they] reject[].

*Id.* at 1009-10.

Having concluded the objective evidence didn't direct a "fully favorable" decision on the intensity, persistence, and limiting effects of Plaintiff's symptoms, the ALJ examined the four categories of "other evidence" as required by SSR 16-3p, including the opinions of Dr. Mars. Considering Plaintiff's conditions and prescribed

7

medications, Dr. Mars opined Plaintiff's functioning capacity was limited to sitting for four hours, standing for two hours, and walking two hours in one workday. [AR at 1833.] Plaintiff contends if the ALJ had adopted Dr. Mars' opinion, Plaintiff would subsequently have been found disabled. Plaintiff argues the *Watkins* factors warrant giving Dr. Mars' opinion controlling weight. This, however, is ultimately a request for this Court to reweigh the evidence in Plaintiff's favor. It cannot do so.

But the Court does agree the ALJ improperly weighed Dr. Mars' medical opinion. In assigning Dr. Mars' opinion "little weight," the ALJ concluded (1) the record evidence of Plaintiff's pain "does not indicate that she would be limited to standing and walking two hours each," and (2) "the longitudinal record also does not indicate her medications cause more than mild issues, and a limitation to light work adequately accounts for her medication use." [AR at 31.]  Although a finding of inconsistency is typically acceptable, in this case, the ALJ did not discuss the evidence used (and rejected) to support his determination, and therefore, placed his conclusions beyond meaningful review. *Clifton*, 79 F.3d at 1009-10.

Rather than offering specific discussion of the evidence supporting his specific conclusions, the ALJ simply cites to several exhibits. Notably, some of the citations are many pages long, which forces the Court to speculate what portions of the evidence the ALJ relied on to support his findings. Further, the Court has reviewed these cited materials and notes most are unrelated to the ALJ's specific assertions regarding Plaintiff's ability to stand and walk, and some are in fact contradictory.

8

For example, in concluding Plaintiff is capable of walking and standing for more than two hours each in one day, the ALJ cites exhibit B11F pp. 93-101 [AR at 635-643]. But this cited portion contains various treatment notes regarding Plaintiff's current prescriptions and their side effects, recurrent complaints of body-wide pain, and objective evidence of persistent plantar fasciitis. These pages also include the following notes from Plaintiff's Orthopedist:

> The patient has utilized multiple modalities of night splint, stretching, icing, ball massage, hot water soaks, heel lift, orthotics, supportive shoe wear, rocker type shoes, cast boot immobilization, physical therapy, and prior steroidal injections. . . . [yet she] continues to have pain despite all these modalities.

[AR at 642-43.]

Similarly, exhibit B16F p.90 documents a likely diagnosis of "tibialis anterior tendinitis" due to Plaintiff's complaints of pain and objective evidence of swelling in the ankle region. [AR at 89-90.] However, the ALJ does not account for these seemingly contradictory medical findings in his conclusion that Plaintiff can stand and walk for more than two hours respectively per day.[4]

The ALJ also found, "the longitudinal record [did] not indicate [Plaintiff's] medications cause more than mild issues, and a limitation to light work adequately accounts for her medication use." [AR at 31.] In support, the ALJ again utilizes a string citation of exhibits purporting to support his conclusions. [*Id.* (citing B8F p.

---

[4] These cited pages do include a notation from Plaintiff's doctor stating Plaintiff liked to walk, which would support the ALJ's conclusion. But this note also states, Plaintiff's fibromyalgia limits her walking, which is contradictory. [AR at 1880.] Without a discussion of why the ALJ would credit one portion of the statement and not the other, the Court cannot engage in meaningful review.

9

28, 58, 60; B11F p. 12; B12F p. 31, 42-53; B13F p. 24, 56, 108, 125, 141, 151; B16F p. 21, 35, 42, 77.).] But the Court has reviewed these pages, and notes only four mention medication, and only two address Plaintiff's reactions to medication she no longer takes. [AR at 1665, 1796.] Without a discussion of the evidence found in the 26 cited pages, the Court must speculate what evidence the ALJ did and did not rely on to support his conclusion.

Although an ALJ is not required to adopt a consultative examiner's opinion, the reasons for discounting the opinion must be specific and legitimate. *Chapo v. Astrue*, 682 F.3d 1285 (10th Cir. 2012). Without further explanation, the ALJ's rejection of Dr. Mars' opinions appears to be the impermissible substitution of lay opinion. *See e.g.*, *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996) (finding reversible error when ALJ substitutes own opinion for that of physician); *Kemp v. Bowen*, 816 F.2d 1469, 1476 (10th Cir. 1987) (finding reversible error when ALJ interposes own "medical expertise" over that of a physician).

\* \* \*

For the reasons stated herein, the Court concludes remand is warranted for further consideration of Dr. Mars' opinion *vis-à-vis* this Court's discussion of the propriety in assigning his medical opinion little weight. In doing do, the Court offers no opinion as to whether Plaintiff is disabled. Accordingly, the Commissioner's decision is REMANDED for proceedings consistent with this order. Plaintiff is awarded her costs, to be taxed by the Clerk of Court pursuant to Fed. R. Civ. P. 54(d)(1).

DATED: March 28, 2022.

BY THE COURT:

S. Kato Crews
U.S. Magistrate Judge

11